■ PETER J. R. TRAPP, Respondent, v REGINA A. TRAPP, Appellant. — Appeal from order of the Supreme Court, New York County (Hortense Gabel, J.), entered on or about August 30, 1984, dismissed, without costs, as superseded by the appeal from the order entered on December 11, 1984.

Order of the Supreme Court, New York County (Hortense Gabel, J.), entered December 11, 1984, which denied defendant's motion to reargue and granted plaintiff's motion to reargue to the extent of clarifying the obligation of plaintiff to pay all tuition and school-related expenses of the children of the parties; granted the motions of both parties for renewal; provided that defendant shall have exclusive use of two of the parties' residences located at 59 Riverside Drive and Sag Harbor and plaintiff shall have exclusive use of the third marital residence known as Bean Creek Farm located in Dutchess County, modified, on the law, the facts and in the exercise of discretion, to

provide that defendant may retain the property removed by her from the Bean Creek Farm pending the final disposition of such property at the time of the trial of this action, and to permit defendant to depose Dean Witter Reynolds, and, except as so modified, affirmed, without costs.

Plaintiff and defendant are husband and wife. In March 1984, the husband brought this action for divorce contending that defendant had abandoned him by refusing to have sexual relations.

The parties have been married for approximately 15 years. There are three children of the marriage. After this action was begun, defendant moved for pendente lite relief. She was awarded temporary maintenance and child support in the sum of $750 per week, joint use of the family's three matrimonial residences and plaintiff was directed to pay the medical, dental and school expenses for defendant and the children. Thereafter, both sides moved to reargue and for leave to renew. Defendant also sought to depose Dean Witter Reynolds, the plaintiff's employer. The court denied defendant's motion to reargue. It granted plaintiff's motion to the extent of clarifying his obligation with respect to the children's private school expenses. As to that branch of the motions seeking leave to renew, it appears that certain circumstances had changed. Because of an incident which occurred while both parties were at Bean Creek Farm, a Family Court proceeding was instituted in Dutchess County, as a result of which the court concluded that it would be unsafe for the parties to be at the same residence at the same time. Accordingly, it awarded exclusive possession of the 59 Riverside Drive cooperative apartment and the Sag Harbor house to defendant pending trial; it awarded exclusive possession of the Bean Creek Farm to plaintiff for the same period. Additionally, defendant had removed certain silver, paintings, and possibly other property which she claims are family heirlooms (defendant is a member of the German Krupp family) which, she contends, are not marital property. Plaintiff, on the other hand, contends that these items were gifts to him and his wife on the occasion of their marriage and, therefore, are marital property. The court directed that these items be returned to Bean Creek Farm. As to the deposition of Dean Witter Reynolds, it denied the application, without prejudice to renewal upon a proper showing of special circumstances.

By and large we are in agreement with the motion court. We take issue with its disposition of two items only. First, inasmuch as defendant claims personal ownership of the items of property taken from Bean Creek Farm, we would permit her to retain

possession pending the outcome of the trial. The silver, we are told, bears the Krupp family crest. Without determining the issue of ownership (whether personal or marital), we are of the opinion that these items will be safe with her. We are not, therefore, disposed to direct their return at this time.

As to the deposition of Dean Witter Reynolds, we note that in 1984, the Legislature amended CPLR 3101 (L 1984, ch 294, § 2) to eliminate the requirement of an order for the purpose of deposing a witness. CPLR 3101 (a) (4) now permits the taking of such deposition "upon notice stating the circumstances or reasons such disclosure is sought or required". Since the change in the law is procedural, we are required to apply it. As the employer of plaintiff, the reason the deposition is sought is too obvious for comment. Moreover, Dean Witter Reynolds does not oppose submission to examination before trial. Such opposition as is made thereto is made by plaintiff. Concur — Sandler, J. P., Carro, Bloom and Rosenberger, JJ.